**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WANDA L. SUMTER,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,[*]

      Defendant-Appellee.

No. 97-5146
(D.C. No. 96-CV-263-M)
(D. N.D. Okla)

**ORDER AND JUDGMENT**[**]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for John J. Callahan, former Acting Commissioner of Social Security, as the defendant in this action.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Wanda Sumter alleges disability due to back pain and depression dating from January 1992.  The ALJ found her to be disabled from September 30, 1993, but not before that date.  The Appeals Council and the district court affirmed that conclusion.

On appeal, Ms. Sumter argues that the ALJ's conclusion that she retained the capacity to do medium work before September 30, 1993, despite her back pain is not supported by substantial evidence.  She further argues that the ALJ should have developed the record further regarding her allegedly disabling depression during that same period.

We review this decision to determine only whether the relevant findings are supported by substantial evidence and whether the Commissioner applied correct legal standards.  See Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir. 1991). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  We will not reweigh the evidence or substitute our judgment for that of the Commissioner.  See id.

Our review of the record in this case reveals that the ALJ's conclusions were supported by substantial evidence and that the law was correctly applied.

We therefore affirm the decision of the district court for substantially the reasons stated by the magistrate judge in his order of May 28, 1997.

Entered for the Court


Monroe G. McKay
Circuit Judge